IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CECIL RAY PATTERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0282 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## <u>REPORT AND RECOMMENDATION</u><br><u>TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS</u>

Petitioner CECIL RAY PATTERSON has filed with this Court a pleading he identifies as a

"Suit Under Privacy Act 5 U.S.C. § 552."  Petitioner originally filed this pleading in the Dallas

Division under Cause No. 3:03-CV-1869.  The Dallas court, noting the relief petitioner seeks to be

time credits against his federal sentence, construed the pleading as a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 and transferred the action to this Court.

The following facts, set forth in a Report and Recommendation entered by the undersigned

on August 26, 2003 in Cause No. 2:01-CV-0135, provide some background information which is

relevant to this proceeding:

> On December 2, 1991, while on parole for two prior state offenses, petitioner
> was arrested by the Denton Police Department in Denton, Texas for committing the
> state offenses of Attempted Capital Murder and Burglary of a Building.  Petitioner
> was held by state authorities as a pretrial detainee as well as a parole violator.  On
> December 19, 1991, petitioner was indicted by the state for such offenses.  On
> January 8, 1992, petitioner's state parole was revoked as a result of his December 2,

1991 criminal activity.

On April 9, 1992, petitioner was charged in a 2-count indictment in the United States District Court for the Eastern District of Texas, Sherman Division, with the offenses of Felon in Possession of a Firearm, and Carrying a Firearm in Relation to a Crime of Violence.  *United States v. Patterson*, No. 4:92-CR-13.[1]  Such charges arose out of petitioner's criminal activity on December 2, 1991.  On April 13, 1992, the Sherman Court scheduled petitioner's arraignment on the federal charges for April 29, 1992.  As petitioner was in state custody, the government moved for a petition for a writ of habeas corpus ad prosequendum[2] to secure petitioner's presence at his federal arraignment.  The Sherman Court granted such petition and the writ was issued by the clerk of the federal court.

On April 21, 1992, in response to the federal writ, the State "loaned"[3] petitioner, who was in state custody awaiting disposition of the new state charges, to federal authorities.[4]  The new state criminal charges remained pending in the state court.  On August 25, 1992, petitioner was convicted in federal court by a jury of the federal offenses as charged and, on November 25, 1992, petitioner was sentenced to a 426-month federal term of imprisonment.  On that same date, federal authorities returned petitioner to the Denton County Sheriff's Office as the purpose of the federal writ of habeas corpus ad prosequendum had been satisfied.  Petitioner timely appealed his federal conviction and sentence.

On March 4, 1993, petitioner was convicted in state court, by a jury, of the state criminal offense of attempted capital murder, and was sentenced to life imprisonment for the offense.  In its form judgment, in the section entitled "Date to Commence," the state trial judge indicated petitioner's state life sentence was to commence "[u]pon completion of sentence assessed November 25, 1992 in Cause No. 4:92cr13-1 in the United States District Court Eastern District of Texas."  On the form, the state trial court judge did not indicate petitioner's sentence was to be credited with any time served.  In the body of the judgment, the state trial judge ordered petitioner's life sentence:

---

[1]On April 29, 1992, the government gave notice that it would seek a sentence enhancement on the grounds that petitioner had at least three (3) previous convictions for violent felonies.

[2]A writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined.  *Black's Law Dictionary* 715 (7th ed. 1999).

[3]*See Free v. Miles*, 2003 WL 21290878 (5th Cir. June 5, 2003) (citing *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).

[4]Upon receiving petitioner, the United States Marshals Service (USMS)  boarded petitioner at the Grayson County Jail through September 25, 1992, until transferring petitioner to the Carter County Jail for boarding.  On November 12, 1992, petitioner was returned to Grayson County Jail for boarding where he remained until being returned to the custody of Denton County on November 25, 1992.

to run from and after the defendant completes his sentence, and be
consecutive to the sentence assessed on November 25, 1992, in cause
no. 4:92CR13-1 in the United States District Court, Eastern District of
Texas, which sentence was assessed by the United States District
Court at imprisonment in the United States Bureau of Prisons for 426
months for the offense of felon in possession of a firearm and the
offense of Carrying a Firearm in Relation to a Crime of Violence,
respectively.

The state trial judge further ordered that petitioner "be delivered by the Sheriff of
Denton County, Texas, immediately, to the U.S. Marshals for commitment to the
United States Bureau of Prisons pursuant to the Judgment entered on November 25,
1992 in Cause No. 4:92cr13-1 in the United States District Court, Eastern District of
Texas." The state trial judge also included the following in the body of his
Judgment:

It is Further Adjudged and Decreed by this Court that following the
completion of the sentence assessed in Cause No. 4:92cr13-1, the U.S.
Marshall deliver said defendant to the Director of the Institutional
Division of the Texas Department of Criminal Justice or other persons
legally authorized to receive such convicts, and said defendant shall
be confined in said Institutional Division of the Texas Department of
Criminal Justice for LIFE in accordance with the provisions of the law
governing the Institutional Division of the Texas Department of
Criminal Justice of said State and the said defendant is remanded to
jail until said Sheriff can obey the direction of this sentence.

IT IS FURTHER ADJUDGED AND DECREED by this Court that
the sentence pronounced herein shall begin after the defendant
completes his sentence, and be consecutive to the sentence assessed on
November 25, 1992 in Cause No. 4:92cr13-1 in the United States
District Court, Eastern District of Texas, which sentence was assessed
by the United States District Court at imprisonment in the United
States Bureau of Prisons for 426 months for the offense of felony in
possession of a firearm and the offense of Carrying a Firearm in
Relation to a Crime of Violence, respectively.

The state trial judge then . . . granted petitioner 459 days credit for time served.

On May 10, 1993, it appears Denton County authorities delivered petitioner
to the USMS who requested the BOP designate an institution for petitioner. On May
19, 1993, petitioner was placed in the FCI, El Reno, Oklahoma, for temporary
housing pending designation of a federal institution. On May 20, 1993, petitioner's
place of confinement was designated, and petitioner was delivered to, the USP,
Leavenworth, Kansas. On September 1, 1993, petitioner was released from the BOP

on federal writ to attend a new sentencing hearing in his federal criminal case.  A resentencing hearing was held in the Sherman Federal Court on September 17, 1993. Petitioner was returned to the BOP on September 23, 1993.[5]  The BOP calculated petitioner's service of his federal sentence, utilizing a computation begin date of September 17, 1993, but allowing jail credit from December 2, 1991 through September 16, 1993.

On February 15, 1994, the federal district judge signed the new judgment resentencing petitioner to a 387-month term of federal imprisonment.  On February 23, 1994, the federal district judge entered a Corrected Judgment in petitioner's federal criminal case, finding petitioner guilty of only the first count and resentencing petitioner to a 327-month term of federal imprisonment.  On March 15, 1994, petitioner was returned to USP Leavenworth.  On April 4, 1994, petitioner was transferred to USP Florence, Colorado.

On November 26, 1996, petitioner was transferred to USP Atlanta, Georgia. On January 6, 1997 or some earlier date, the BOP staff at Atlanta discovered the State of Texas had primary jurisdiction over petitioner at the time he was convicted and sentenced in federal court, having never relinquished said jurisdiction by way of bail, dismissal of state charges, parole, expiration of sentence, or other similar fashion.  After reviewing petitioner's documentation, the Bureau of Prisons Regional Inmate Systems Administrators concluded that primary jurisdiction over petitioner rested with the State of Texas, and that he had been erroneously transferred to federal custody for service of his federal sentence through administrative error. Consequently, on January 6, 1997, BOP officials arranged for petitioner to be returned to the custody of the State of Texas.

On January 9, 1997, after serving less than his full federal sentence in federal custody, the BOP initiated petitioner's transfer back to the custody of the State of Texas.  Petitioner was in transit from January 9, 1997 until March 20, 1997.  On March 20, 1997, the Marshals Service in Sherman, Texas took custody of petitioner from FCI Seagoville, Texas.  On March 21, 1997, Marshals returned petitioner to state custody by delivering petitioner to state authorities at the Denton County Jail in Denton, Texas.

On April 18, 1997, the Marshals Service lodged a federal detainer with TDCJ-ID requesting that the Marshals Service by notified by state prison authorities of petitioner's release from state custody.  Said detainer was necessary to ensure that upon completion of his state sentence, petitioner will be returned to federal custody for service of his 327-month federal sentence.

Petitioner is currently serving his Texas life sentence and has received

---

[5]Petitioner was admitted to an in-transit facility on September 10, 1993.

continuous credit toward his state sentence beginning December 2, 1991, the date he was arrested by state authorities, which includes the time period he was in state custody pending disposition of the state charges for which he was ultimately sentenced, as well as the period of time he was in federal custody.  Service of petitioner's federal sentence will begin when petitioner is released from his state sentence through parole, discharge, commutation, or other similar fashion, and is returned to federal custody.

By his instant pleading, petitioner seeks "to have inaccuracies in the Bureau of Prison's records corrected," as well as monetary damages.  Petitioner argues he is entitled to receive "back time" toward his 327-month federal sentence for all the time he served in the Federal Bureau of Prison's custody, that his federal sentence should be running "unabated" from the date it commenced, and that he should be awarded monetary damages for the BOP's failure to correct inaccuracies in its records.  Petitioner appears to contend he is entitled to receive approximately four (4) years credit toward his 327-month federal sentence for the time he was in the BOP's custody (May 10, 1993 - March 21, 1997), as well as a little over nine (9) years for the time after he was released from federal custody to Texas authorities to date, because the BOP erred in transferring him to state custody and halting service of his federal sentence.  Petitioner alleges any mistake or administrative error by the Bureau of Prisons should not be attributed to him but, instead, should be attributed to the Bureau of Prisons.  Petitioner requests the Court order the Federal Bureau of Prisons to credit him with all time served on his federal sentence, both in the Federal Bureau of Prisons custody and in Texas custody since his transfer to the Texas Department of Criminal Justice, and return him to BOP custody

In addition to the instant "Suit Under Privacy Act 5U.S.C. § 552" pleading originally filed in this cause, petitioner, citing 28 U.S.C. § 1361, also filed with this Court a "Petition for a Writ of Mandamus" in Cause No. 2:03-CV-0264, seeking an Order directing the United States Bureau of Prisons and its director to credit his future federal sentence for "all time served in BOP custody" and

"for all time served after commencement of service on the federal sentence." Such pleading was construed by this Court as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and docketed as such. The relief petitioner seeks in Cause No. 2:03-CV-0264 is basically the same relief he seeks in this cause, *i.e.*, credit against his federal sentence for the four years spent in federal custody following his federal conviction, as well as credit against his federal sentence for all time spent in the Texas Department of Criminal Justice since he was transferred out of the Federal Bureau of Prisons and into the Texas Department of Criminal Justice. The merits of Cause No. 2:03-CV-0264 have been addressed in a separate Report and Recommendation.

Petitioner is no stranger to the federal courts. He has filed a number of civil rights lawsuits as well as a number of habeas corpus petitions. He is no longer entitled to proceed *in forma pauperis* in any suit pursuant to 42 U.S.C. § 1983 because he has accumulated three (3) strikes for filing frivolous civil rights lawsuits. In addition, petitioner has filed habeas corpus actions challenging the calculation of his sentences in at least five (5) other habeas petitions not counting the two actions presently pending in this Court. Petitioner's habeas action in Cause No. 2:01-CV-0135 directly attacked the calculation of time credits with respect to his federal sentence, and argued that the rule against piecemeal incarceration prevented his transfer from federal to state custody. This Court addressed the merits of petitioner's claims and denied relief. The Fifth Circuit Court of Appeals upheld the denial of habeas relief on direct appeal noting petitioner had filed four previous federal habeas petitions challenging his transfer from federal to state custody and that the instant appeal was petitioner's fifth attempt to challenge his transfer. *Patterson v. Dretke*, Cause No. 03-10996 (5th Cir. April 23, 2004). The Fifth Circuit dismissed petitioner's appeal as frivolous and issued a sanctions warning "that any future filings" to the Fifth Circuit or any court subject to the jurisdiction of the Fifth Circuit, that challenge his transfer from federal to state custody would invite

sanctions, which could include monetary fines and/or restrictions on his ability to file pleadings in federal court.

Dismissal is Appropriate

As mentioned above, petitioner has accumulated at least three strikes for filing frivolous lawsuits. Because petitioner has three strikes under 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger or serious physical injury. This is the express finding made by the Fifth Circuit Court of Appeals in affirming this Court's dismissal of petitioner's 42 U.S.C. § 1983 complaint with prejudice and as frivolous in Cause No. 2:99-CV-125. *Patterson v. Johnson et al.*, Cause No. 99-10615 (5th Cir. December 16, 1999) (*per curiam*). Consequently, if the proceedings presently pending in Cause Nos. 2:03-CV-0264 and 2:03-CV-0282 are not habeas corpus actions pursuant to 28 U.S.C. § 2241, then petitioner is ineligible to proceed *in forma pauperis* in either of these proceedings. This assumes that a habeas corpus civil action, pursuant to 28 U.S.C. § 2241, would not be barred as to a plaintiff or petitioner who had accumulated three strikes. This Court is not making a finding that such a habeas action is exempt from the three strikes prohibition. Assuming, however, for purposes of argument, that a petition for a writ of habeas corpus would not be barred, then the question is whether petitioner may proceed with the two (2) current 2241 actions, Cause Nos. 2:03-CV-0264 and 2:03-CV-0282, now pending in this Court. The undersigned finds he may not.

It is clear that both of these proceedings seek to have time credited against petitioner's federal sentence and, therefore, appear to be, and in the opinion of the undersigned Magistrate Judge are, habeas corpus actions pursuant to section 2241. As these habeas corpus actions are proceeding

pursuant to section 2241 and not section 2255, this Court has jurisdiction to entertain such actions because petitioner was incarcerated in state prison in the Amarillo Division of the Northern District of Texas at the time he filed both of these actions.

As set forth above, however, petitioner has filed at least five (5) prior habeas corpus actions challenging the manner in which his federal sentence is being calculated or the manner in which credits are not being applied against his federal sentence.  Consequently, these two actions constitute successive petitions.[6]  Under 28 U.S.C. § 2244(a), this Court lacks jurisdiction to consider a successive application or petition, unless the Fifth Circuit Court of Appeals grants petitioner authorization to file such petition.  *See* 28 U.S.C. § 2244(3)(A); *accord Hooker v. Sivley,* 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  Although the express limitation on successive attempts at collateral relief under the current version of 2244(a) does not literally apply to 28 U.S.C. § 2241 habeas petitions, the Fifth Circuit has held that the version of 28 U.S.C. § 2244(a) in effect prior to the enactment of the AEDPA bars successive petitions under section 2241 that are based on the same claim.  *See United States v. Tubwell*, 37 F.3d 175, 177-78 (5th Cir. 1994); *see also Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998) (section 2244(a) bars successive petitions under section 2241 directed to the same issue concerning execution of sentence); *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995).  Accordingly, the Fifth Circuit has further held that the present version of 28 U.S.C. § 2244(a), which is very similar to the pre-AEDPA version, applies to successive 2241 cases.  *Ortloff v. Fleming*, 88 Fed.Appx. 715, *716 (5th Cir. 2004); *cf. also Wilson v. Morris,* 2006 WL 573021 (E.D.Tex. May 7, 2006); *Autry v. Van*

---

[6]In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."  *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir.), *cert. denied*, 540 U.S. 910, 124 S.Ct. 287, 157 L.Ed.2d 200 (2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

*Buren*, 2004 WL 1043100 (N.D.Tex. May 7, 2004).  Here, petitioner has not received permission from the Fifth Circuit Court of Appeals to file a successive 2241 petition.

Even if the present two pending cases are not successive under the AEDPA, petitioner's claims violate the pre-AEDPA abuse of the writ principle enunciated by the Supreme Court in *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), or are barred by the doctrine of collateral estoppel.  Moreover, even if the present two pending cases are not successive petitions and permission of the Fifth Circuit is not required, or if the cases are not barred by abuse of the writ or issue preclusion, petitioner has failed to show why these two cases are not duplicative of the earlier habeas corpus petition filed in Cause No. 2:01-CV-0135.  Again, in that case, this Court addressed the merits of petitioner's claims of error in the calculation of time credits with respect to his federal sentence and his argument that the rule against piecemeal incarceration prevented his transfer from federal to state custody.  If the instant cases are duplicative, they are frivolous and petitioner is estopped from re-litigation under the doctrine of res judicata.

Further, the one-year statute of limitations for filing a habeas corpus action began to run on the date on which the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence.  Petitioner discovered and/or became aware that his federal sentence was not being credited with the time when he was improperly committed to federal custody at some point prior to the filing of his habeas petition in Cause No. 2:01-CV-0135.  The instant habeas application was clearly filed more than one year after petitioner's discovery of the factual predicate of his claim.  Consequently, petitioner's claim is time barred.

Lastly, petitioner has received continuous time credits toward his state sentence beginning December 2, 1991, the date he was arrested by state authorities.  Petitioner is not entitled to double

time credits. *Cf. Carr v. United States Bureau of Prisons*, 2004 WL 1114416 (5th Cir. May 11, 2004).

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the action filed under Cause No. 2:03-CV-0282 by petitioner CECIL RAY PATTERSON be DISMISSED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>21st</u> day of August 2006.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule

3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).